UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BENCHMARK TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>YUQIANG TU and KIFONIX<br>TECHNOLOGY, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil No. 22-10227-LTS<br>)<br>)<br>)<br>)<br>)<br>) |

PARTIAL RULING ON
DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION
(DOC. NO. 127) AND ORDER DIRECTING BENCHMARK TO RESPOND

January 15, 2023

SOROKIN, J.

On January 12, 2023, the Court resolved the cross-motions for summary judgment. Doc. No. 119. On January 13, 2023, Defendants moved for reconsideration of several of the Court's rulings. Doc. No. 127. The Court address each in turn.

I.  The Opportunity to Respond

Defendants contend they did not have a "reasonable opportunity" to address the Court's conclusion that when unfair or deceptive acts and practices "may have the effect of causing . . . loss of money or property," the Court may issue injunctive relief under Chapter 93A. This contention is utterly meritless. Benchmark raised this argument in its combined memorandum in support of its motion and in opposition to Defendants' Cross-Motion. Doc. No. 107-2 at 8–9. Pursuant to the Court's ordinary practice and the schedule specifically agreed to by the parties, Defendants thereafter filed an additional memorandum. Doc. No. 115-3. This alone was a full

and fair opportunity to address the issue, as was the further opportunity at the lengthy hearing on the motions held by the Court on January 10th. Finally, in the present Motion for Partial Reconsideration, Defendants fail to advance any argument that the Court's conclusion that the unfair acts it cited "may have the effect of causing . . . loss of money or property" was in error. Doc. No. 127. This ground for reconsideration is DENIED.

II.     The Copying of Source Code

The undisputed facts establish that: Tu wrote certain source code for Kifonix ("Second Source Code") after leaving Benchmark, that Benchmark's source code expert HelfinSiegel reported that using the same input variables in the Second Source Code and the source code Tu wrote for Benchmark while working at Benchmark ("First Source Code") generated output files with the same pitches, Doc. No. 108-1 ("PSMF") ¶ 129, that the expert reported both source codes can generate gratings of the same resolution using the same method, id., that Tu wrote the Second Source Code in a different programming language than the First Source Code, Doc. No. 84-72 ¶ 31, Doc. No. 99-6 ¶ 13, that Tu concedes that in at least "some respects" the two source codes use "a similar naming structure," Doc. No. 99-6 ¶ 13, that Defendants offered no expert opinion of their own, and that Benchmark's expert concluded that portions of Second Source Code were copied from the First Source Code, Doc. No. 84-72 ¶¶ 29–47. Based on this evidence, the Court held that there was "no genuine dispute of fact as to Tu's copying of Benchmark's code to write an optical gratings code for Kifonix." Doc. No. 119 at 28. Defendants point out in their Motion for Partial Reconsideration that Tu stated under oath in his declaration submitted with the summary judgment papers that "I did not 'copy' any of Benchmark's source code for use at Kifonix." Doc. No. 99-6 ¶ 13. This is, of course, the first time Defendants cite to this paragraph; they did not cite to it in either the Statement of Facts or any of their memoranda

submitted for the summary judgment motions. Nonetheless, Rule 1 instructs reaching "just" resolution of cases. Benchmark shall explain why, contrary to Defendants' contention, this assertion in Tu's declaration is not sufficient on Benchmark's Motion to create a genuine issue of material fact as to whether Tu copied the source code notwithstanding the other evidence.

III.     The Misappropriation of Essential Customer Information

The Court held that Defendants "misappropriated [Benchmark's] essential customer information trade secret when they used this information in their efforts to divert Benchmark's customers . . . and specifically, in developing a quote that undercut Benchmark's pricing for an order by client OnTech." Doc. No. 119 at 20. Defendants challenge this conclusion as violating the governing standard requiring the Court to have drawn all reasonable inferences in Defendants' favor on Benchmark's Motion for Summary Judgment, in particular as to the source of any information used by Defendants, as well as whether such information constitutes trade secret information. Benchmark shall respond to this argument.

IV.     Curated Supply Chain Information

The Court held that Defendants misappropriated Benchmark's protected supply chain trade secret information "by contacting particular manufacturers and a post-processing supplier for the purpose of re-creating the relationships that Benchmark had with them." Doc. No. 119 at 22. Defendants object to this conclusion, contending that (1) the identities of the suppliers alone is not protected; and (2) on Benchmark's Motion for Summary Judgment, the Court cannot conclude that Defendants used any protected "other information." Benchmark shall respond to this argument as well.

V.     Chapter 93A

The Court ruled that its findings of trade secret misappropriation, copying of Benchmark's optical gratings source code, and copying of Benchmark emails and files and retention of them after he started a competing company and left Benchmark resulted in a summary judgment determination that Defendants engaged in "unfair methods of competition and unfair or deceptive acts or practices" under Chapter 93A § 2. Defendants not only challenge the underlying findings as noted above, but also argue that even if the findings are correct, the issue of whether they constitute an unfair act or practice remains a question for the jury. Benchmark shall respond to this contention as well.

Benchmark shall respond as directed above no later than Tuesday, January 17, 2023 at 11:59 PM. If the parties wish for a reasonable extension in Monday's filing deadlines the Court would allow such a request, though the Court intends to proceed with trial as scheduled.

SO ORDERED.

　/s/ Leo T. Sorokin　
Leo T. Sorokin
United States District Judge