UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BENCHMARK TECHNOLOGIES, INC., | ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | Civil No. 22-10227-LTS |
| YUQIANG TU and KIFONIX TECHNOLOGY, LLC, | ) ) ) ) |  |
| Defendants. | ) ) |  |

ORDER ON PLAINTIFF'S MOTION FOR INJUNCTION
RESTRAINING REDUCTION OF ASSETS (DOC. NO. 140);
PLAINTIFF'S MOTION FOR ATTACHMENT OF REAL PROPERTY
(DOC. NO. 142); AND PLAINTIFF'S MOTION FOR TRUSTEE PROCESS
ATTACHMENT UPON DEFENDANTS' BANK ACCOUNTS (DOC. NO. 220)

May 30, 2023

SOROKIN, J.

Plaintiff Benchmark Technologies, Inc. moves this Court to issue an order of trustee process attachment as well as a trustee summons to Bank of America, which holds and manages funds belonging to Defendants. Doc. No. 220. Judgment has now entered in the amount of $940,106.[1] Doc. No. 238. Bank of America has a usual place of business in Massachusetts, and Defendants have not disclosed or noted in their opposition to this Motion any liability insurance that would be available to satisfy the judgment. See Doc. No. 220-6 at 2; Doc. No. 231. The Motion for Trustee Process Attachment on Defendants' Bank Accounts (Doc. No. 220) is

---

[1] Because judgment has now entered, the Court need not engage with the question—raised by Defendants' opposition to the Motion for Trustee Process Attachment, Doc. No. 231 at 1—of whether trustee process attachment is available for prejudgment security for expected recovery of attorneys' fees.

ALLOWED for the amount of the judgment. See Mass. Gen. Laws ch. 246; Mass. R. Civ. P. 4.2; Fed. R. Civ. P. 69; Latorraca v. Taniki Fin. Corp., No. 08-2477, 2010 WL 3245365, at *2 (1st Cir. Aug. 18, 2010) ("Although pre-judgment attachment is the norm, 'there appears to be no prohibition against a plaintiff seeking approval of a trustee attachment after judgment has been entered.'"); CCS Res., Inc. v. Noble Sys. Corp., No. CV 12-11156-RWZ, 2014 WL 12914395, at *4 n.9 (D. Mass. Jan. 27, 2014).

Benchmark also moved this Court, prior to the trial, for an attachment of Tu's real property located in Massachusetts, Doc. No. 142, and for an injunction restraining Defendants from diminishing the value of their assets. Doc. No. 140. Now that judgment has entered, the Court assesses each of these motions as post-judgment rather than pre-judgment motions. The Motion for Attachment of Real Property (Doc. No. 142) is ALLOWED in the amount of $940,106 as to Tu's property at 190 Mystic Valley Pkwy, Winchester, MA 01890. See Mass. R. Civ. P. 4.1; Fed. R. Civ. P. 64; Mass. Gen. Laws ch. 223 § 42. The Middlesex County Sheriff's Department is appointed to serve the writ of attachment and attach the aforementioned property.

Given that the Court has now granted a trustee process attachment on Defendants' bank accounts and an attachment on Tu's real property (as explained above), Plaintiff's Motion for Injunction Restraining Reduction of Assets (Doc. No. 140) is DENIED WITHOUT PREJUDICE AS MOOT.

The temporary restraints placed on Tu described at Doc. No. 188 are hereby VACATED.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge